UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERICA NEWMAN as Executor of the Estate of ROBERT
NEWMAN,

                              Plaintiff,

           -against-

JOHN KROGER, M.D., HIMANI GOYAL, M.D., and
UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS,

                             Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

Civil Case No.: 1:24-cv-00949

      Plaintiff, ERICA NEWMAN, as Executor of the Estate of ROBERT NEWMAN, complaining of the Defendants, JOHN KROGER, M.D. and HIMANI GOYAL, M.D., by her attorneys, CAITLIN ROBIN & ASSOCIATES, PLLC, as and for her Complaint herein, respectfully alleges upon information and belief as follows:

### PARTIES

1. Plaintiff ERICA NEWMAN, Executor of the Estate of ROBERT NEWMAN, is a resident of the State of New York.

2. Plaintiff's decedent ROBERT NEWMAN passed away on August 26, 2020.

3. Upon information and belief, at all times relevant hereto, Defendant JOHN KROGER, M.D. was and still is a duly licensed physician in the State of New York engaged in the practice of his profession in the County and State of New York.

4. Upon information and belief, Defendant, JOHN KROGER, M.D., is/was an employee of the Defendant UNITED STATES DEPARTMENT OF VETERANS AFFAIRS at all pertinent times, including on or about August 17, 2020.

5. Upon information and belief, at all times relevant hereto, Defendant HIMANI GOYAL, M.D. was and still is a duly licensed physician in the State of New York engaged in the practice of his profession in the County and State of New York.

6. Upon information and belief, Defendant, HIMANI GOYAL, M.D., is/was an employee of the Defendant UNITED STATES DEPARTMENT OF VETERANS AFFAIRS at all pertinent times, including on or about August 17, 2020.

7. Defendant UNITED STATES DEPARTMENT OF VETERANS AFFAIRS is an independent agency of the executive branch of the United States Government.

**JURISDICTION AND VENUE**

8. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under federal law, and 28 U.S.C. § 1346(b), as it involves a claim against the United States for damages caused by the medical malpractice and negligence of the Defendants as physicians employed by and/or working at a Department of Veterans Affairs ("VA") hospital.

9. The court may grant declaratory relief and other necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202, and may grant other equitable relief, monetary damages, and a civil penalty pursuant to 42 U.S.C. § 12188(b)(2).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**PRELIMINARY STATEMENT**

11. This is an action for lack of informed consent and medical malpractice against the Defendants, in which the Plaintiff seeks relief for serious personal injuries and wrongful death suffered in connection with a contraindicated surgical procedure performed by Defendants on or about August 17, 2020, and post-operative medical care provided by Defendants, which occurred

improperly and to Plaintiff's decedent's detriment due to the negligence of the Defendant UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and its government employees, agents, servants and physicians, Defendants JOHN KROGER, M.D., and HIMANI GOYAL, M.D.

12. In particular, on or about August 17, 2020, Defendants performed a cataract surgery on Plaintiff's decedent's left eye without obtaining his full and proper informed consent. In performing this surgery, Defendants negligently placed Plaintiff's decedent, who was elderly at eighty-nine (89) years old, under anesthesia without fully advising of the risks, including likelihood of death.

13. The surgery on or about August 17, 2020, should never have been performed on a patient like Plaintiff's decedent.

14. Immediately following the cataract surgery, Plaintiff's decedent asked to use the bathroom and then suddenly became unresponsive. Plaintiff's decedent was intubated, and he died nine (9) days later, on August 26, 2020, from heart failure.

15. Plaintiff seeks compensatory damages, and damages for severe personal injuries, mental anguish, conscious pain and suffering, wrongful death, past medical expenses of Plaintiff's decedent, and such other and further relief as the Court deems just and proper.

16. The claims herein are brought against the United States Government Defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* and 28 U.S.C. § 1346(a)(2) and (b), for monetary damages as compensation for the serious personal injuries caused and resulting from the negligence of the Defendants.

17. The plaintiff has complied with all the administrative requirements under the FTCA.

18. In particular, Plaintiff first brought this case in New York State court, New York County Index No. 805276/2022, by a Summons and Complaint served and filed on August 25, 2022. Defendants removed the case to the U.S. District Court for the Southern District of New York on February 9, 2023, pursuant to 28 U.S.C. § 2679(d)(2) and 38 U.S.C. § 7316(c).

19. On March 17, 2023, a stipulation and order of dismissal was signed by U.S. District Judge Analisa Torres, substituting the United States as a defendant in place of Defendants JOHN KROGER, M.D., and HIMANI GOYAL, M.D. and dismissing the action without prejudice for failure to exhaust administrative remedies.

20. Pursuant to 28 U.S.C. § 2679(d)(5), Plaintiff presented their claim to the VA via the filing and service of an SF-95 claim form within 60 days of dismissal, namely on or about May 17, 2023.

21. Plaintiff is filing this complaint pursuant to 28 U.S.C. §§ 2679(b) and 2679(d)(5), which is timely filed as the federal agency in question has failed to make a final disposition within six (6) months from the date of notice of the claim (SF-95).

## AS AND FOR A FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 21 of the complaint set forth with the same force and effect as if fully set forth herein at length.

23. That upon information and belief, at all times relevant hereto, Defendants JOHN KROGER, M.D. and HIMANI GOYAL, M.D. held themselves out as duly qualified to render proper medical evaluation, assessment, diagnosis, care, treatment, services, testing and/or consultation in accordance with good and accepted standard in the community to members of the general public, including Plaintiff-Decedent ROBERT NEWMAN.

24. That upon information and belief, at all times relevant hereto, Defendants JOHN KROGER, M.D. and HIMANI GOYAL, M.D. were employees, agents, and/or servants of the Defendant UNITED STATES DEPARMTENT OF VETERANS AFFAIRS.

25. Defendants, JOHN KROGER, M.D. and HIMANI GOYAL, M.D., individually and by and through agents, servants and/or employees, undertook to and did render certain medical evaluation, assessment, diagnosis, care, treatment, testing and surgical services, and/or consultation to Plaintiff-Decedent ROBERT NEWMAN on or about August 17, 2020.

26. Defendants JOHN KROGER, M.D. and HIMANI GOYAL, M.D., individually and through their agents, servants and/or employees, had a duty to use reasonable care and to meet good and accepted standard of practice in the care, treatment, and surgical services of Plaintiff-Decedent ROBERT NEWMAN.

27. That on or about August 17, 2020, Defendants, individually and through their agents, servants, and/or employees, provided care, treatment, and surgical services to Plaintiff-Decedent ROBERT NEWMAN, which was performed negligently and without Plaintiff-Decedent's informed consent.

28. That on or about August 17, 2020, Defendants, individually and through their agents, servants, and/or employees, knew or in the existence of proper professional judgment should have known that the care, treatment, surgical services, and postoperative care provided to Plaintiff-Decedent ROBERT NEWMAN departed from good and accepted standards of care.

29. That on or about August 17, 2020, Defendant, individually and through their agents, servants, and/or employees, who rendered care to Plaintiff-Decedent ROBERT NEWMAN, on behalf of Defendants, and under their supervision and control, were negligent, careless, failed to use reasonable care and deviated from the good and accepted standards of

practice in their care, treatment, surgical services and postoperative care of Plaintiff-Decedent ROBERT NEWMAN, including failure to timely, properly and appropriately provide assessment, diagnosis, care, treatment and services thereby constituting professional medical malpractice.

30. As a result of the Defendant's failure to render reasonable care and to meet good and accepted standards of practice in their care, treatment and services of Plaintiff-Decedent ROBERT NEWMAN on or about August 17, 2020, Plaintiff-Decedent suffered severe and permanent serious personal injuries, severe and permanent mental anguish, conscious pain and suffering, loss of enjoyment of life, and death.

### AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 30 of the complaint set forth with the same force and effect as if fully set forth herein at length.

32. That Defendants failed to properly inform Plaintiff-Decedent ROBERT NEWMAN of the risks, hazards, and alternatives connected with the care, treatment and/or services rendered so that informed consent could be given.

33. That reasonably prudent persons in the position of Plaintiff-Decedent ROBERT NEWMAN, would not have undergone the care, treatment and/or services rendered if he had been fully informed of the risks, hazards and alternatives of the care, treatment and/or services rendered is a proximate cause of the injuries he sustained.

34. That as a consequence of the foregoing there was no informed consent to the care, treatment and/or services rendered to Plaintiff-Decedent ROBERT NEWMAN.

## AS AND FOR A THIRD CAUSE OF ACTION FOR WRONGFUL DEATH

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 34 of the complaint set forth with the same force and effect as if fully set forth herein at length.

36. As a result of the carelessness, recklessness and/or negligence of Defendants JOHN KROGER, M.D. and HIMANI GOYAL, M.D., whose names are fictitious but intended to be the doctors who treated, provided care to, and/or serviced Plaintiff's decedent, ROBERT NEWMAN, either singularly or collectively, through their agents, servants, and/or employees, Decedent ROBERT NEWMAN prematurely came to his death on August 26, 2020.

37. As a result of the wrongful death of decedent ROBERT NEWMAN, his distributees have been deprived of his services, guidance, and support, and have sustained substantial pecuniary damage and loss.

38. As a result of the wrongful death of Decedent ROBERT NEWMAN, his distributees have been deprived of a loss of inheritance.

39. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ERICA NEWMAN as Executor of the Estate of ROBERT NEWMAN demands judgment against the Defendants herein on each cause of action in the sum of Ten Million Dollars ($10,000,000), together with the costs and disbursements of this action.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: New York, New York
February 8, 2024

Respectfully Submitted,

_____ J
Justin M. Loveland, Esq.
CAITLIN ROBIN & ASSOCIATES, PLLC
*Attorney for Plaintiff*
ERICA NEWMAN as Executor of the Estate of
ROBERT NEWMAN
30 Broad Street Suite 702
New York, New York 10004
(646)-524-6026
justin@robinandassociates.com

TO:   JOHN KROGER, M.D., 423 E 23rd Street, New York, New York 10010

HIMANI GOYAL, M.D., 423 E 23rd Street, New York, New York 10010

U.S. DEPARTMENT OF VETERANS AFFAIRS, Office of General Counsel, Torts Law Group, 810 Vermont Avenue, NW, Washington, DC 20420

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERICA NEWMAN as Executor of the Estate of ROBERT NEWMAN,

                        Plaintiff,

     -against-

JOHN KROGER, M.D., HIMANI GOYAL, M.D., and UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,

                        Defendants.
------------------------------------------------------------------------X

**CERTIFICATE OF MERIT**

Civil Case No.: 1:24-cv-00949

      JUSTIN M. LOVELAND, ESQ., the undersigned, an attorney duly admitted to practice in the Courts of the State of New York and before the U.S. District Court for the Southern District of New York, states that he is an attorney with the law firm of CAITLIN ROBIN & ASSOCIATES, PLLC, attorneys of record for Plaintiff ERICA NEWMAN as Executor of the Estate of ROBERT NEWMAN. I certify that the law firm of CAITLIN ROBIN & ASSOCIATES, PLLC had reviewed the facts of this case and has consulted with a physician duly licensed to practice in the State of New York, who the firm reasonably believes is knowledgeable in the relevant issues involved in this action, and that the firm concluded on the basis of such review and consultation, that there is a reasonable basis for commencement of this action.

Dated: New York, New York
       February 8, 2024

                                              **CAITLIN ROBIN & ASSOCIATES, PLLC**

                                              Justin M. Loveland, Esq.